Good morning, and may it please the court. Henry Cruz for the petitioner, Mr. Juarez-Romero. Petitioner seeks review of a decision by the Board of Immigration Appeals. There is one issue in this case, whether the board erred as a matter of law in finding that Mr. Juarez-Romero's offense of identity theft in Washington state constitutes a crime involving moral turpitude under the Immigration and Nationality Act, and more specifically, whether the board erred by finding that the intent to defraud is an implicit element in that statute. Petitioner argues that the intent to defraud is not implicit in the statute because the statute does not require any intent to induce another to act to his or her detriment. And the court's analysis begins- I think his conviction was under subsection 1, so there had to actually be an obtaining of credit, money, goods, services, or anything else of value in excess of $1,500. That's correct, Your Honor. He was convicted under both subsections 1 and 2, and the subsection 2 is the part of the statute that requires the result of the crime to be obtaining something of value in excess of $1,500. Help me with the particular facts here, because I had trouble figuring out exactly what it was he's supposed to have done. Your Honor, the record reflects that what he did was he used the Social Security number of another person to take out a loan from a bank to refinance the petitioner's own home. He took out that loan in his own name, but he did use the Social Security number of another person. He was current on his payments, as the record reflects, and furthermore, there was no loss incurred by the victim, and that is the person's Social Security number whom the petitioner used to obtain that loan. Did that person's credit standing at all influenced or affected? Did the loan depend upon the credit of this third person? As far as the record shows, no. It clearly states that he incurred no loss as a result of the petitioner's crime. You would agree that using someone else's name to obtain money demonstrates an intent to defraud, wouldn't you? Well, no, Your Honor. I would agree that there is some sort of dishonesty in that conduct, but under this Court's precedent, dishonesty doesn't bring it to the level of a crime involving moral turpitude. The point here is that... That's not quite what I asked you. Yes, Your Honor. So when it comes to an intent to defraud, part of an element of that offense is intending to induce someone to act to his or her detriment, and in this case, well, the statute itself actually does not even require that. It requires the person to use someone else's means of identification, in this case a Social Security number... To commit theft. ...for an intent to commit any crime. Subsection 1 refers to any crime. And then the second part of the statute requires that person to, as a result of that crime, obtain something of value over $1,500, in this case the home loan. But the statute nowhere requires that the value obtained was in any way taken from the victim or that the victim bear any loss, nor does it require that the source of the thing obtained, a value obtained, bear any loss as well. And in this case, that's exactly what we have, because the petitioner was current on his payments. Well, how does that speak to the intent to defraud? I mean, the defraud is obtaining something under false pretenses. The fact that no loss was actually suffered doesn't alter the intent or the nature of the fraud whatsoever. There may have been no ill consequences, but the fraud happened at the front end before the repayments were made. Well, that's correct, Your Honor. The actual consequence, it does not matter. What matters is the intent. And, again, my client, the petitioner, in this case, had no intent to cause harm to anyone as a result of obtaining that loan, because he intended to fully repay the loan, and that's what he did. But is it the intent to cause loss or the intent to defraud that matters? I mean, I may decide, you know, I got this great investment. I just got to raise some money. It's going to make me real rich, so I'm going to go out and I'm going to get a lot of money from the bank to make this investment, and I can't get it on my own credit, so I'm going to use Judge Kleinfeld's credit. I get the money from the bank. I make my investment. Oops. It busts. I didn't intend to cause a loss. I didn't intend not to repay the bank, but that's what happened. Whether or not that happened, when I used Judge Kleinfeld's credit to get this loan from the bank, haven't I accomplished fraud? And haven't I intended to defraud the bank in the sense of getting money from the bank based on his credit rating instead of mine? Well, Your Honor, I would say no simply because the whole essence of defrauding someone is gaining something to that other person's loss and intending that to happen. And in your example, I understand that you are not intending to cause loss to anyone through your investments or otherwise harm that person's credit because you intend to make an investment, you know, so that you're gaining a profit. I mean, the loss is already imposed as soon as the credit is extended, regardless of whether the loan is repaid, because the creditor is now taking a greater risk than intended and has a lower quality promissory note. Well, Your Honor. In fact, he has a promissory note that if he ever had to go to court on it would be unenforceable because he would sue the person whose name was on the promissory note, and the person would say, that's not me, and he'd be telling the truth. Yes, Your Honor, and again, that could be. What you buy with a loan is a note, and the note here is worthless. Well, Your Honor, the note was, as long as the note was being repaid, as long as it was being honored by the person, in this case the petitioner who took out the loan, then I don't know how it could be worthless, especially when he took the loan out in his own name and not the. . . Do you have any precedent or authority to support the proposition that actual loss is an essential element of fraud? Or the intent to cause actual loss? Yes, Your Honor. In fact, the cases cited by both parties and the BIA where there was a finding of an intent to defraud, there was implicit in that criminal conduct causing some sort of loss or harm or intending to cause that harm or loss to the victim, whether it was the government impeding the government's functions or tricking individuals into buying something that was offered with a value, but it was valueless. The whole, all those cases reflect the offender's intent to actually benefit from someone else's loss. Let's say, I can't be right. I'm thinking, suppose I want to invest some money I have laying around, so I buy a $1,000 bond that pays 6%, an absolutely wonderful return, and the bond is issued to me in the name Daddy Warbucks. And I think, well, that's just great because I've gotten two, three payments now on this bond and they've come in on time and at the right level, but there is no Daddy Warbucks. I can't sell the bond. It's a... That's correct. It's worthless. It's worthless, even though the payments are being made. Well, Your Honor, and that's the thing. Here the payments were being made and there's nothing that makes the house that he is purchasing worthless. The only thing that we have here is that he used someone else's social security number to obtain that loan, and if there are no further questions, I'd like to reserve the rest of my time. Thank you, counsel. May it please the Court, Joan Smiley here on behalf of the United States Attorney General. The issue is whether the Board reasonably determined that Petitioner's felony conviction for identity theft in the first degree was a crime involving moral turpitude. Therefore, if it was, then he lacked the requisite good moral character and was statutorily ineligible for cancellation of removal. The conviction records in the record establish very plainly that Mr. Juarez Romero knowingly committed an inherently fraudulent crime. He used a third party's social security number to obtain a real estate loan in the amount of $209,700. It's well settled that crimes explicitly or implicitly involving fraud are crimes involving moral turpitude, and indeed the conviction records here reveal that as crime involved fraud, such intent may be implicit in the nature of the crime that he committed. We've cited the Tall v. Mukasey case in our brief where this Court found that a crime whose nature is inherently fraudulent is a crime involving moral turpitude. That is where the crime involves knowingly false representations, such as Mr. Juarez Romero made, made to gain something of value, such as in this case, a loan of $209,700. Also under this Court's precedent, theft offenses are inherently crimes involving moral turpitude for purposes of the immigration laws. Fraud is clearly implicit in knowingly using someone else's social security number to obtain here this real estate loan. Do we know whether the use of the social security number was something that was aimed at or actually did accomplish the use of somebody else's credit standing to obtain the loan? Well, apparently it was because the loan was granted. What concerned me here, and I don't want to make too much of this, but you open a bank account today and you can't do it without a social security number because it's become an all-purpose identifier. Indeed, I think regulatorily banks are required to be able to identify you. I suspect the same thing is true with the loan, although it's been many years since I've taken out a mortgage loan. I recall filling out lots of forms, and because I have a social security number, I could fill out the forms. I imagine the predicament of somebody who's got the money, he's refinancing his own house, he's made the payments, maybe using his own credit record, but he's got this blank on the form that he has to fill in in order to get the loan. So he puts down somebody else's number, not necessarily either intending or actually drawing upon the credit rating of that person. He's just trying to require, he's required to put up a number, so he puts up a number. That seems to fall within the statute's definition of identity theft. I'm not sure that it's really bank fraud in the sense of the bank's making, in my hypothetical, I'm not saying it's these facts, but in my hypothetical, the bank may be making the loan based on the credit standing of exactly the person standing in front of them who already owns the home, he's refinancing in this case. Is that a crime involving moral turpitude? Well, I believe it would be under that scenario because the bank is looking at the social security number that is presented to it, and if this loan becomes a non-performing loan, which is possible, just because petitioner says that Mr. Romero was repaying the loan, it's actually irrelevant because it could become a non-performing loan. If that were to occur, who does the bank go against? Mr. Washburn, whose number was used, or Mr. Juarez-Romero? My hypothetical is just Mr. Juarez-Romero. I mean, Washburn's name doesn't enter into it. He's got to have a number and uses that number, but there's nothing that impinges upon or makes Mr. Washburn in the slightest liable. I'm not sure I understand the question there. No, because I'm saying because you've got to fill in a number for the bank form. See, I know you can't open an account, and I suspect you probably can't take a loan because regulations require them to have numbers, and so he puts down a number, but Washburn never enters into the transaction. Nobody signs for him. Nobody thinks they're signing for him. Nobody looks to his credit rating. Nobody gets a credit report for him. The whole loan is based on Juarez-Romero, except that Juarez-Romero fills in a number that doesn't belong to him because he doesn't have a Social Security number of his own. It's hypothetical. I don't know that these are those facts, but in that case, I'm not sure I see the fraud. I see the fraud on one level, plainly the number isn't his, and in a but-for sense, the bank can't make the loan unless it has a Social Security number, so but for the act of filling in the number, the loan doesn't get made. But nobody else is put at risk. The bank is making the loan based on Juarez-Romero. It's not fooled as to whose credit rating it's looking at. Washburn never enters into it because they don't realize that he's involved because it's really his number. It's a straightforward transaction, except that the number put down on the form doesn't really belong to Juarez-Romero. Is that a crime involving moral turpitude? Well, I believe yes, because the bank would ultimately go after the person whose Social Security number is on the bus. Well, I don't think that's right. I used to represent banks. The bank doesn't have a chance to go against Mr. Washburn. His name doesn't enter into it. Secondly, even if that were not the case. Ma'am, who signed the promissory note? The bank sues the person who signed the promissory note or the person whose name is on the note. Whose name is on the note? Mr. Juarez-Romero. However, another way. Is his own name on the note? I believe so. Another way that Mr. Washburn would be affected is his credit load would reflect this loan of $209,700. If he were to go and apply for a loan that he wanted for a house or whatever, that would pop up under his Social Security number. So this is not a victimless crime. Frankly, it probably would not, but it could. I recognize that it could. Banks don't report because the loan is made out to Juarez-Romero, it's not likely to show up on Washburn's credit rating. But the risk of it is there. Although Mr. Juarez-Romero argues that his action was not harmful to the bank and he had no fraudulent intent, it's not really relevant here. He's, again, overlooking the fact that he obtained this loan in excess of $200,000 by falsely misrepresenting that this was a Social Security number. The bank was deceived as to the borrower's true identity. And, again, the victim's credit was potentially would be affected by the outstanding loan. Do you really know that the bank was deceived? I mean, we don't. I think we have actual facts. The possibilities there, but also the possibilities here, the bank knew exactly who it was dealing with. If it's late in the game, it's not likely to be pursuing the question of who's attached to the Social Security number because if they'd done that, they would have discovered that Social Security number didn't belong to Juarez-Romero. I think we have to really kind of assume the opposite, that they didn't realize that the wrong number was involved. Well, there's nothing in the record to suggest that the bank knew that this was not his Social Security number, and it's not the bank's fault that he doesn't have a Social Security number. No, I think that's true. The bank didn't know it wasn't his Social Security number, but they didn't know it belonged to somebody else and didn't rely upon somebody else. That may be. It's not in the record, so I can't confirm that that is true. Unless the court has any questions, we would rely on the brief that we filed in the case and urge the court to find that this was a felony conviction that constituted a crime involving moral turpitude. Thank you. Thank you, Counsel. I'd just like to make a couple of clarifications. One is the standard of review in this case. The government stated that whether or not the BIA's interpretation was reasonable, but what we have here is Skidmore deference, i.e., whether it was persuasive because we have a single-member unpublished BIA opinion that did not rely on any BIA precedent. And as this court has stated, that is only afforded Skidmore deference, whether it's persuasive. I also want to point out when it comes to theft, while theft could be a crime involving moral turpitude, the key is whether there's any intent to permanently deprive the individual of the property. And what we have here is no intent to permanently deprive anyone. The victim could have used the Social Security number. Let me ask you something about that. Yes. I can well imagine this false use of a Social Security number being utterly without criminal intent and utterly without harmful consequences to anyone. Pretty much the hypothetical case that Judge Clifton suggested, Juarez-Romero signs his own name to the promissory note, the bank investigates the credit of Juarez-Romero. They rely on the credit of Juarez-Romero to make the loan. He pays the loan or doesn't pay the loan as he's able. But all the Social Security number does is provide the identification number that the bank and the IRS use. No practical consequence to anyone. However, that would seem to me to bear on whether he did it with the intent to commit a crime, which is needed under the Washington statute, 935-021. And the fact of the matter is he pleaded guilty. So he's saying, even if it isn't true, that he did use the Social Security number with the intent to commit a crime. Yes, Your Honor, a crime. But a crime could be any crime. It could have been giving false information on a bank loan. But in this court's case in Hirsch, merely giving a false representation on a form is not enough to constitute a crime involved in moral turpitude. Thank you. Thank you, counsel. Thank you. Juarez-Romero v. Holder is submitted.
judges: Alarcon, Kleinfeld, Clifton